**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Douglas Giddens

      v.                                 Civil No. 09-cv-277-SM

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Before the Court is Douglas Giddens' petition for a writ of
habeas corpus (document no. 1), filed pursuant to 28 U.S.C. §
2254.  The matter is before me for preliminary review to
determine whether or not the petition is facially valid and may
proceed.  See Rule 4 of the Rules Governing Section 2254 cases in
the United States District Courts ("§ 2254 Rules"); United States
District Court District of New Hampshire Local Rule ("LR")
4.3(d)(2) (authorizing Magistrate Judge to preliminarily review
pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

Standard of Review

Under this Court's local rules, when an incarcerated person
commences an action pro se and in forma pauperis, the Magistrate
Judge conducts a preliminary review.  LR 4.3(d)(2).  In
conducting the preliminary review, the Court construes all of the

factual assertions in the pro se pleadings liberally, however inartfully pleaded.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  This review ensures that pro se pleadings are given fair and meaningful consideration.

The court conducting preliminary review must accept as true any inferences reasonably drawn from the plaintiff's factual assertions.  <u>See</u> <u>Centro Medico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 5–6 (1st Cir. 2005).  The Court is not bound, however, to credit "'bald assertions, unsupportable conclusions . . . and the like.'"  <u>Id.</u> (quoting <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996)).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997); <u>see also</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).

If the Court's construction of the facts asserted and implied constitute well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1950 (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." <u>Id.</u> (internal quotations omitted).  In making the determination of plausibility, the court will examine whether the allegations, as construed, have "'nudged'" the claims "'across the line from conceivable to plausible.'"  <u>Id.</u> at 1951 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

<u>Background</u>

On December 16, 2004, after a jury trial, Douglas Giddens was convicted of kidnapping and felony sexual assault offenses. Giddens was sentenced on March 28, 2005 to serve thirty to sixty years in prison.

Giddens appealed his conviction to the New Hampshire Supreme Court ("NHSC") raising two issues for relief:

3

> 1.   The trial court erred in allowing a Manchester Police Detective to testify about Giddens' comments about how a rapist might think; and
>
> 2.   The trial court erred in ruling that the stop of Giddens' car was constitutional.

The NHSC affirmed Giddens' conviction on April 12, 2007.  <u>See</u>

<u>State v. Giddens</u>, 155 N.H. 175, 922 A.2d 650 (2007).

On September 11, 2007, Giddens filed a motion for a new

trial in the Hillsborough County Superior Court, South ("HCSC"),

raising the following grounds for relief:

> 1.   Giddens received ineffective assistance from his trial counsel when:
>
> > A.   Trial counsel failed to elicit exculpatory testimony from a witness on cross-examination to ameliorate the prejudice to Gidden caused by the witness' direct testimony;
> >
> > B.   Trial counsel failed to request a limiting instruction that would have eliminated prejudice to Giddens from certain witness testimony;
> >
> > C.   Trial counsel failed to present expert witness testimony to rebut the prosecution's evidence that Giddens' body language indicated his consciousness of guilt; and
> >
> > D.   Trial counsel failed to impeach the complainant's testimony at trial with her prior inconsistent statements;
>
> 2.   Giddens received ineffective assistance from his appellate counsel when:

      A.   Appellate counsel failed to brief properly
            preserved and significant issues in the appellate
            brief filed in the NHSC;

      B.   Appellate counsel failed to withdraw from his
            case, and instead operated under an unwaivable
            conflict of interest; and

      C.   Appellate counsel failed to appeal the trial
            court's improper admission of evidence at Giddens'
            trial.

After a hearing, the HCSC denied Giddens' motion for a new trial

on January 30, 2009. The HCSC also denied Giddens' motion to

reconsider on March 20, 2009.  Giddens filed a notice of appeal

in the NHSC, raising the following grounds for relief:

     1.   The trial court erred in failing to provide Giddens
          with funds to hire an expert witness to testify
          regarding body language at trial;

     2.   The trial court erred in denying Giddens' claims that
          he was convicted with evidence that was improperly
          admitted and unduly prejudicial; and

     3.   The trial court erred in denying Giddens' claims that
          his trial counsel provided him with ineffective
          assistance by:

           A.   failing to elicit testimony from a police
               detective that Giddens' statements about how a
               rapist might think were based on his conversations
               with other people and not on his own personal
               experiences;

           B.   failing to request limiting instructions to
               ameliorate unfair prejudice;

      C.    failing to exclude from evidence the fact that Giddens was interviewed by a police officer from a town other than the town where his offenses were alleged to have occurred;

      D.    failing to present expert testimony to challenge the admission of evidence of Giddens' body language as substantive proof of Giddens' consciousness of guilt;

      E.    failing to confront the complainant at trial with her prior inconsistent statements; and

      F.    failing to locate and interview potentially exculpatory witnesses;

4.    The trial court erred in denying Giddens' claims that his appellate counsel provided him with ineffective assistance by:

      A.    failing to present preserved issues to the NHSC;

      B.    failing to challenge the improper admission in evidence of a knife found in Giddens' possession but not definitively connected to the charged offenses; and

      C.    representing Giddens while operating under an unwaivable conflict of interest.

The NHSC declined Giddens' appeal of the HCSC's denial of his motion for a new trial on May 12, 2009.

Giddens now brings the instant petition, raising the following claims[1]:

---

[1]The claims, as identified herein, will be considered to be the claims raised in this petition for all purposes. If Giddens disagrees with this identification of the claims, he must do so by properly moving to amend his petition.

1.   Giddens was denied due process, as guaranteed by the Fifth and Fourteenth Amendments, when testimony was erroneously admitted in evidence at his trial regarding Giddens' statements about how rapists might think;

2.   Giddens was denied due process, as guaranteed by the Fifth and Fourteenth Amendments, when testimony regarding Giddens' body language during a police interview was admitted in evidence at his trial as proof of Giddens' consciousness of guilt;

3.   Giddens was denied due process, as guaranteed by the Fifth and Fourteenth Amendments, as well as his Sixth Amendment right to confront the evidence against him, when the trial court refused to provide him with funds to hire an expert witness to explore the reliability and admissibility of body language evidence to prove consciousness of guilt;

4.   Giddens was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, when:

   A.   the trial court denied his motion for a new trial that was based on his trial counsel's errors which resulted in the improper admission of prejudicial evidence at his trial;

   B.   his trial counsel failed to elicit exculpatory testimony from a witness that would have countered the prejudice that resulted from the witness' improper testimony;

   C.   his trial counsel failed to request limiting instructions that would have ameliorated the prejudice resulting from improper testimony admitted at his trial;

   D.   his trial counsel failed to obtain and present expert testimony to counter the prosecution's presentation of body language evidence as proof of Giddens' consciousness of guilt;

E.   when trial counsel failed to impeach the complainant at trial with her prior inconsistent statements when her credibility was a central issue in the case;

F.   his trial counsel failed to locate and interview potentially exculpatory witnesses that would have supported Giddens' theory of defense;

G.   his appellate counsel failed to correctly brief and present meritorious issues that had been preserved at trial;

H.   his appellate counsel refused to present a meritorious issue on appeal, specifically, the improper admission in evidence of a knife belonging to Gidden; and

I.   he was constructively denied appellate counsel because his appellate counsel represented him while operating under an unwaivable conflict of interest.

<u>Discussion</u>

I.   <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Giddens must show for each claim that he is in custody and that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  Giddens is incarcerated pursuant to a

sentence imposed for the conviction challenged here, and thus
meets the custody requirement for filing a habeas petition

A petitioner's remedies in New Hampshire are exhausted when
the NHSC has had an opportunity to rule on the claims. <u>See</u>
<u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988). "In order
to exhaust a claim, the petitioner must 'present the federal
claim fairly and recognizably' to the state courts, meaning that
he 'must show that he tendered his federal claim in such a way as
to make it probable that a reasonable jurist would have been
alerted to the existence of the federal question.'" <u>Clements v.</u>
<u>Maloney</u>, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations
and citation omitted); <u>Picard v. Connor</u>, 404 U.S. 270, 277-78
(1971) (to satisfy exhaustion requirement petitioner must have
fairly presented the substance of his federal claim to the state
courts).

The purpose of a "fair presentation" rquirement is to
"provide the state courts with a 'fair opportunity' to apply
controlling legal principles to the facts bearing upon his
constitutional claim.'" <u>Anderson v. Harless</u>, 459 U.S. 4, 6
(1982) (quoting <u>Picard</u>, 404 U.S. at 276-77). A habeas petitioner
may fairly present a claim by doing any of the following: "'(1)

citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'" Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted), cert. denied, ___ U.S. ___, 129 S. Ct. 2064 (2009).  In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that rely on federal law, or he articulated a state claim that is indistinguishable from one arising under federal law.  See Nadworny v. Fair, 872 F.3d 1093, 1099–1102 (1st Cir. 1989).  The petitioner has the burden of demonstrating that the state and federal claims are so similar that asserting only the state claim probably alerted the state court to the federal aspect of the claim.  See id. at 1100.

A.   Improper Admission of Evidence Claims

Giddens' claims #1 and #2 above allege violations of his federal due process rights.  These claims were litigated in the state courts prior to and during Giddens' trial, and on direct appeal of his conviction.  The NHSC, in its decision on Giddens'

direct appeal, evaluated whether the trial court's ruling was "clearly untenable or unreasonable to the prejudice of his case." Giddens, 155 N.H. at 179; 922 A.2d at 654 (citing State v. Yates, 152 N.H. 245, 249, 876 A.2d 176, 180 (2005)).  Nothing in the record presently before the Court indicates that Giddens specifically challenged the admission of the prejudicial evidence at trial as a federal due process violation.

Giddens now asks this Court to find that the admission of the evidence denied him due process of law in violation of the Fifth and Fourteenth Amendments.  "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."  Duncan v. Henry, 513 U.S. 364, 366 (1995).  In order to be deemed to have 'said so' in state court, a federal habeas petitioner need not "invoke the talismanic phrase 'due process of law' or cite book and verse on the federal constitution."  Id. at 365 (internal quotations omitted).  For a claim to have been exhausted, the standard under which the state court reviewed the admission of evidence must be "virtually identical" to the standard the federal habeas court would apply;

a claim is not exhausted if the standard applied by the state court is only "somewhat similar."  Id. at 366.  The standard for determining whether or not the erroneous admission of evidence at trial violated petitioner's federal due process rights is whether the evidence "was so inflammatory as to prevent a fair trial." Id.  This standard is not "virtually identical" to the "clearly untenable or unreasonable to the prejudice of his case" standard applied by the state court.  Accordingly, I find that Giddens' federal due process claims, claims #1 and #2 above, have not yet been exhausted in the state courts.  I will, however, give Giddens the opportunity to return to the state court to exhaust these claims.

    B.   Denial of Expert Witness Claim

    Giddens asserts a claim, identified as claim #3 above, alleging that the trial court denied him a fair trial and the ability to confront the evidence against him, in violation of his Fifth, Sixth, and Fourteenth Amendment rights, when it denied him funds to obtain expert witness testimony to challenge the body language evidence introduced by the prosecution at his trial.

    The HCSC evaluated Giddens' claim regarding the expert witness testimony as Giddens there presented it, as a denial of

Giddens' right to the effective assistance of counsel.  Here,
Giddens asks this Court to evaluate the claim as a challenge to
the trial court's denial of Giddens' due process right and
Giddens' right to confront the evidence against him.  To render
its decision on this claim, the HCSC evaluated whether or not
counsel's failure to procure the testimony of an expert at trial
was a result of counsel's deficient performance.  Here, Giddens'
asks the Court to determine whether the trial court's denial of
funds for Gidden to obtain an expert violated his federal
constitutional rights to due process and confrontation.  I cannot
find that the claims asserted here, arising out of the denial of
expert testimony, were fairly presented to the state courts for
review.  Giddens has failed, at this time, to demonstrate that
his expert testimony federal due process and confrontation
claims, identified as claim #3 herein, have been exhausted in the
state courts.  I will, however, give Giddens the opportunity to
return to the state court to exhaust these claims.

      C.   <u>Ineffective Assistance of Counsel Claims</u>

      Nine of Giddens' claims before this Court, enumerated above
as claims #4(A) – #4(I), challenge the constitutionality of his
conviction on the basis that he was denied his right to the

effective assistance of counsel at trial and on appeal.  To
demonstrate exhaustion of these claims, Giddens' has filed, with
his petition, a copy of the January 30, 2009 HCSC order denying
his motion for a new trial.  That order makes clear that, in
rendering its decision on these claims, the HCSC considered
either federal caselaw or relied on state cases that considered
and decided the issues presented in the motion for new trial
under both the state and federal constitution.

Giddens has not submitted a copy of the notice of appeal he
filed in the NHSC seeking a reversal of the denial of his motion
for a new trial.  He has submitted the January 30, 2009 HCSC
order, however, that he appealed, and I will presume that a copy
of that order was submitted to the NHSC with Giddens' notice of
appeal for that court's consideration.  Accordingly, I find that
the federal nature of Giddens' claims #4(A) – #4(I) were
presented to the NHSC, providing the court with an opportunity to
consider those claims, and that those claims have thus been
exhausted in the state courts.

II.  Mixed Petition

A so-called mixed habeas petition, containing both exhausted
and unexhausted claims, is subject to being dismissed without

14

prejudice, or, as appropriate, stayed to grant the petitioner an opportunity to exhaust all of his claims.  See <u>Rhines v. Weber</u>, 544 U.S. 269, 278-79 (2005).  Alternatively, a petitioner may be granted leave to file an amended petition that omits the unexhausted claims, <u>see</u> <u>id.</u>, although choosing to forego unexhausted claims risks losing the chance to file these claims in a future habeas petition, due to the prohibition against second or successive habeas petitions under 28 U.S.C. § 2244(b).

Accordingly, Giddens may not proceed in litigating the instant petition until he shows that he has exhausted each of the federal claims he intends to assert in federal court.  As discussed fully above, Giddens may demonstrate exhaustion to this Court, for example, by amending his petition and attaching copies of any motions, notices of appeal, or other pleadings filed in the state courts that:  (1) cite pertinent federal cases, (2) refer to federal constitutional provisions, or (3) otherwise characterize his claims in a manner likely to have alerted the NHSC to the federal aspects of each of his claims.

<u>Conclusion</u>

Giddens is directed that, within thirty days of the date of this Order, he must either:

15

1.    Amend his petition to demonstrate that claims #1 – #3 have already been exhausted in the state courts; or

2.    Notify this Court that he intends to forego claims #1 – #3 and proceed only on his ineffective assistance claims, identified as #4 – #12 herein; or

3.    Notify this Court that he intends to return to the state courts to fully exhaust claims #1 – #3 if they have not yet been exhausted.

4.    If Giddens elects to proceed with exhausting his unexhausted claims:

    A.    This Court will enter an order staying this action once Giddens files a notice of his intention to return to the state courts;

    B.    Giddens must file his state court action within thirty days of the date of this Order;

    C.    While this matter is stayed, Giddens must notify this Court of the status of his state court proceedings every ninety days;

    D.    Once the New Hampshire Supreme Court has issued a final decision, Giddens must so notify this Court within thirty days of that decision, providing this Court, at that time, with

complete copies of documents filed in the state courts demonstrating that the claims, including the federal nature of the claims, have been raised and exhausted in the state courts;

E.   Giddens should also provide this Court with complete copies of any orders or opinions issued by the state courts relative to the claims in the petition.

Should Giddens fail to amend his petition as directed, or otherwise fail to comply with this Order, the petition may be dismissed for failure to demonstrate exhaustion.[2]   See 28 U.S.C. § 2254(b).

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date:     October 19, 2009

cc:       Douglas Giddens, pro se

JM:jba

_____

[2]If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural, and not based on the merits of Giddens' claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).

17