UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Douglas Giddens

   v.                                                        Civil No. 09-cv-277-SM

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Before the Court is Douglas Giddens' petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me to determine whether or not the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

The Court previously stayed this matter to allow Giddens to exhaust his state court remedies and directed Giddens to amend his complaint to demonstrate exhaustion once the state court proceedings were complete (doc. no. 3). Giddens has now returned to this Court with a Motion to Vacate Stay (doc. no. 10) and a Motion to Amend Petition for Writ of Habeas Corpus (doc. no. 11). For the reasons stated herein, both of these motions are granted.

Giddens's initial petition sought relief on twelve claims that his conviction and present custody were obtained in violation of his constitutional rights. At the time his petition was filed, Giddens had demonstrated exhaustion of nine separate

federal claims of ineffective assistance of counsel, numbered 4(A)-(I).  Three other claims, numbered 1 - 3, alleging federal due process violations, were unexhausted.

Giddens returned to the state Superior Court and filed a petition for a writ of habeas corpus, raising the unexhausted claims.  Giddens also raised additional state and federal claims of ineffective assistance of trial counsel based on a ground not previously asserted in his § 2254 petition, specifically, that his trial attorney was ineffective for failing to object to testimony at trial regarding the "ultimate issue" in the case.

The trial court denied relief.  Giddens appealed to the New Hampshire Supreme Court, but his appeal was declined.  Giddens then returned to this Court and has now provided documentation that he has, in fact, raised the federal nature of his claims numbered 1 - 3, as well as the new ineffective assistance of counsel issue, in the state's highest court, and the state courts had the opportunity to rule on the substance of those claims.  Accordingly, Giddens has demonstrated exhaustion of those claims.[1]  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) (a petitioner's remedies in New Hampshire are exhausted when the

---

[1] In the state courts, while this action was stayed, Giddens relitigated one of the issues previously deemed exhausted: whether or not his trial counsel was ineffective for failing to obtain the services of an expert witness regarding body language evidence presented by the prosecution at his trial.  Because I have already deemed that issue exhausted, I make no further comment on that issue at this time.

New Hampshire Supreme Court has had an opportunity to rule on the claims).

Giddens also seeks to add an additional claim to his petition here alleging that his Sixth and Fourteenth Amendment rights to the ineffective assistance of counsel were violated when trial counsel failed to object to testimony on the "ultimate issue" at trial. As Giddens has demonstrated that this claim has also been fully exhausted in the state courts, I grant the Motion to Vacate Stay and the Motion to Amend Petition for Writ of Habeas Corpus (doc. nos. 10 & 11). In doing so, I also grant Giddens' request to add the following ineffective assistance of counsel claim to his petition, which will be numbered 4(J)[2]:

> Giddens was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, when his trial counsel failed to object to testimony regarding the "ultimate issue" at trial in that counsel failed to object to the use of conclusory words and phrases such as "victim" and "sexual assault" by trial witnesses.

## Conclusion

For the foregoing reasons, I find that Giddens has demonstrated that his claims numbered 1-3 and 4(A)-(J) have been fully exhausted in the state courts. The Motion to Vacate Stay

---

[2] The claim, as identified here, will be considered to be the claim raised in the petition for all purposes. If Giddens objects to this identification of the issue, he must do so by properly moving to amend his petition.

(doc. no. 10) and the Motion to Amend Petition for Writ of Habeas Corpus (doc. no. 11) are GRANTED.  I accordingly order the petition to be served on respondent.  See § 2254 Rule 4.

The petition shall be served on Respondent Richard Gerry, Warden of the New Hampshire State Prison.  Respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General as provided in the Agreement on Acceptance Of Service, copies of this Order, the habeas petition (doc. no. 1), the Order to amend (doc. no. 3), the Motion to Vacate Stay (doc. no. 10) and the Motion to Amend Petition for Writ of Habeas Corpus (doc. no. 11).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

Date:      November 10, 2010

cc:        Douglas Giddens, pro se